LEILANI LUJAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Maite, Guam 96910
Telephone: (671) 472-7111
Attorney for Alfredo D. Leon Guerrero

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 23-00014 |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMORANDUM AND |
| | ) | MOTION FOR DOWNWARD |
| vs. | ) | VARIANCE |
| | ) | |
| | ) | |
| ALFREDO D. LEON GUERRERO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Mr. Leon Guerrero respectfully submits his sentencing memorandum and requests a noncustodial sentence of 6 months probation. The requested sentence is fair and just in light of 18 U.S.C. § 3553's factors and overarching requirement to impose a sentence that is sufficient but not greater than necessary to accomplish sentencing goals. The requested sentence also is fair and just in light of Mr. Leon Guerrero's history and characteristics, substantial assistance and compliance with release conditions for over 2 years as if already on probation.

**I.     Brief background.**

The facts of this case are detailed in the Final Presentence Investigation Report (PSR). *See* ECF 688, ¶¶ 10-51. On May 10, 2023, Mr. Leon Guerrero was indicted with the co-defendants herein for matters occurring during his tenure as the President

of the Guam Shrine Club (GSC) from 2015 to 2018. On October 26, 2023, he pled guilty to a single count of Money Laundering Conspiracy (Count 2) pursuant to an agreement with the government that contained cooperation provisions. Mr. Leon Guerrero highlights the following procedural events:

| Date | Event |
|---|---|
| 5/10/2023 | Indictment filed |
| 6/23/2023 | Mr. Leon Guerrero was arraigned and released on conditions |
| 10/26/2023 | Mr. Leon Guerrero pled guilty |
| 11/14/2023 | Ms. Minda San Nicolas pled guilty |
| 10/1/2024 | Ms. Juanita Capulong pled guilty |
| 10/2/2024 | Superseding Indictment filed |
| 3/13/2025 | Jury selection and trial in *U.S. v. Marasigan,* et al, began |
| 4/1/2025 4/23/2025 | Mr. Leon Guerrero testified as a government witness |
| 5/13/2025 | Verdicts in *U.S. v. Marasigan*, et al. |

## II. 18 U.S.C. § 3553 factors.

### A. Nature and circumstances of the offense.

As noted above, the facts surrounding Mr. Leon Guerrero's offense are detailed in the PSR. The facts concerning Mr. Leon Guerrero's involvement were additionally adduced during the jury trial in *U.S. v. Marasigan*, et al. Mr. Leon Guerrero pled to a single count. The offense conduct occurred approximately 7-10 years ago when he served as the GSC President from 2015-2018. Mr. Leon Guerrero did not engage in

2

sophisticated conduct. Ultimately, he was ousted as President.

B. History and characteristics of Mr. Leon Guerrero.

Mr. Leon Guerrero is now 90 years old. This is his first and only offense. He has zero criminal history points and is in Category I. He is a George Washington High School graduate with some college education. He is a retiree, who had a history of stable employment in government and the banking and airline industries. For 80 years, he had no arrests or convictions. For 80 years, he lived a law-abiding life and was a contributing member of our community. In light of an 8-decades-long spotless record, this clearly aberrational offense was a one-off.

As a nonagenarian, Mr. Leon Guerrero unsurprisingly suffers from serious health issues that are detailed in the PSR. *See* ECF 688 at ¶ 86. He requires caregiving 24 hours a day/7 days a week (24/7), which is provided by his loving companion of 50 years, Ms. Capulong. He has a history of passing out, which requires immediate medical attention and has resulted in hospitalizations. He has extremely limited mobility that requires supervision due to the high risk of falling. As a result of his frailty, he is at risk of in-prison victimization by opportunistic inmates.

Given his serious medical conditions, a prison sentence could be fatal. While compassionate release may be pursued, such relief would not be immediately available nor guaranteed due to the administrative process. A request for compassionate release must be first made with the BOP warden. 18 U.S.C. § 3582(c)(1). Approval is not guaranteed. Direct filing at court is only permissible after a minimum 30 day statutory waiting period, which starts upon the receipt of the request by the BOP

3

warden. Court filing would initiate a briefing and hearing process that could be lengthy. Mr. Leon Guerrero would be incapable of navigating and surviving the BOP and court processes.

Ms. Capulong has done an exemplary job of caring for Mr. Leon Guerrero. He credits being alive to her loving care. He requests a noncustodial sentence for Ms. Capulong, so that she may continue her excellent palliative care of him.

**C. Seriousness of the offense, need to promote respect for the law and provide just punishment.**

In light of the totality of circumstances involving the offense and Mr. Leon Guerrero's background, the requested sentence is just and satisfies this § 3553 factor. Mr. Leon Guerrero has demonstrated respect for the law both prior to and after the offense conduct. This is his only case in 80 years. He was the first to accept his responsibility and agree to assist the government. Since the commencement of this case, he has not engaged in any other criminal conduct. He has been fully compliant with court orders as if already on probation for over 2 years.

**D. Deterrence and protection of the public.**

A prison sentence is unnecessary for deterrence and protection of the public. The offense is nonviolent, aberrational and 7-10 years old. As a disabled nonagenarian, Mr. Leon Guerrero poses no risk of recidivism. He had never committed a crime before this offense. His offense conduct was from 2015-2018. Since 2018, he has not committed any other offenses. Between 2018 and 2023 (when he was indicted), he has committed no further criminal activity nor posed a risk of danger to others. He

4

has been on release status with no violations. He has fully complied with court-ordered conditions for more than 2 years as if already on probation.

### E. Needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Mr. Leon Guerrero is a retiree with some college education. He does not require additional vocational training, education or corrective treatment. He already is receiving medical care and 24/7 caretaking on Guam in the most effective manner. A prison sentence would disrupt his care and increase the risk of serious consequences, including death.

Importantly, if a prison sentence is deemed "too short to designate" by the BOP, Mr. Leon Guerrero would serve his sentence in Saipan, because of the confirmed and undisputed inhumane conditions at the Hagatna Federal Detention Facility. It is doubtful that he would receive the necessary level of medical care, 24/7 caregiving and mobility assistance in the Saipan Department of Corrections.

Furthermore, the cost of incarcerating Mr. Leon Guerrero will exceed the amounts in Paragraph 105 of the PSR, because of his age, frailty and serious medical conditions. Having just emerged from a federal government shut-down with the looming possibility of another in early 2026, extremely limited federal resources would be better allocated elsewhere than imprisonment.

### F. A life sentence is not intended by the parties.

As already noted, a prison sentence could be fatal. Mr. Leon Guerrero is living on borrowed time. The parties do not intend that he spend the rest of his life in prison.

5

### III. Substantial assistance.

Mr. Leon Guerrero testified as a government witness during the trial in *U.S. v. Marasigan*, et al. Additionally, he met with the government when requested. Despite his physical and medical conditions, he was present at the courthouse and waited in the witness room on numerous occasions in anticipation of his testimony. Ms. Capulong transported, accompanied, packed necessary provisions and cared for him during all of these times.

### IV. Conclusion.

Mr. Leon Guerrero respectfully requests a noncustodial sentence of 6 months probation. The requested sentence is fair and just in light of 18 U.S.C. 3553's factors and overarching requirement to impose a sentence that is sufficient but not greater than necessary to accomplish sentencing goals. The requested sentence also is fair and just in light of Mr. Leon Guerrero's history and characteristics, substantial assistance and compliance with release conditions for over 2 years as if already on probation.

DATED: Maite, Guam, November 14, 2025.

/s/



Leilani V. Lujan
Federal Public Defender
Districts of Guam & the NMI

Attorney for Alfredo D. Leon Guerrero

\* Generative AI was not used to create this document.